IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                                **CASE NO: 3:22-CV-03042**

**THUNDER DIESEL & PERFORMANCE CO.;**
**RED DEER EXHAUST, INC. d/b/a**
**FLO~PRO PERFORMANCE EXHAUST; and**
**SCHUMACHER ESTATES, LTD.**                                                                 **DEFENDANTS**

## ORDER

Before the Court are the United States of America's Unopposed Motion to Enter Consent Decree (Doc. 6) and Brief in Support (Doc. 6-1). The United States asks the Court to enter the parties' proposed Consent Decree and close this case.

On July 28, 2022, the United States filed its Complaint (Doc. 2), a Notice of Lodging of Proposed Consent (Doc. 3), and the proposed Consent Decree (Doc. 3-1). The Complaint alleges that Defendants violated the Clean Air Act by manufacturing, selling, and offering for sale, or causing the sale of, products that defeat motor vehicle emission controls. The Complaint further alleges Defendants violated the Federal Debt Collection Procedures Act by fraudulently transferring $2.75 million from Thunder Diesel to Schumacher Estates after receiving a Finding of Violation from the Environmental Protection Agency.

The Consent Decree would require Defendants to pay a $1.6 million civil penalty in two installments based on information supplied by Defendants showing that they have a limited ability to pay. The Consent Decree would also require Defendants to cease sales, manufacture, and marketing of products that violate the Clean Air Act; train

1

employees on Clean Air Act requirements; provide notice to dealers and customers; and follow other related compliance requirements.

On August 8, 2022, the United States published a notice of the lodging of the proposed Consent Decree in the Federal Register to solicit public comments for a period of 30 days. *See* 28 C.F.R. § 50.7. The public comment period has ended, and no public comments were received.

The role of courts in reviewing consent decrees is a limited one. *See Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990). Nevertheless, "[t]he district court is required to review a proposed consent decree for fairness, reasonableness, and consistency with [the statute]." *United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997) (citing *United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992)). The fairness of a consent decree is based on both the procedural fairness of the settlement process and the substantive fairness of the resulting agreement. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018 (8th Cir. 2002). When assessing the reasonableness of a consent decree, courts consider the nature of the defendant's conduct and the extent to which the consent decree will remedy that conduct and further the goals of the relevant statute. *See United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991).

Having reviewed the Consent Decree, the Court finds that it is fair, reasonable, and consistent with the purposes of the Clean Air Act. The parties' settlement negotiations were procedurally fair—both parties had experienced legal counsel who negotiated over several years—and the Consent Decree is substantively fair given the nature of Defendants' conduct. The Consent Decree is also reasonable and consistent with the

Clean Air Act because it requires Defendants cease activities that violate the Act and pay a substantial civil penalty for their past violations.

Accordingly, the Unopposed Motion to Enter Consent Decree (Doc. 6) is **GRANTED**, and the proposed Consent Decree shall be entered as final judgment. Upon entry of the Consent Decree, the Clerk of Court is **DIRECTED** to close this case. The Court will retain jurisdiction for the purpose of enforcing the terms of the Consent Decree.

**IT IS SO ORDERED** on this 1st day of November, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE